Lifetime, Inc. v. Commissioner.
Lifetime, Inc. v. Commissioner
Docket No. 73042.
United States Tax Court
T.C. Memo 1960-169; 1960 Tax Ct. Memo LEXIS 120; 19 T.C.M. (CCH) 915; T.C.M. (RIA) 60169; August 25, 1960
*120 J. Victor O'Brien, Esq., Bankers Securities Building, Philadelphia, Pa., for the petitioner. David E. Crabtree, Esq., for respondent. RAUM
Memorandum Opinion RAUM, Judge: Respondent determined deficiencies in petitioner's income taxes for the fiscal years ended May 31, 1956, and May 31, 1957, in the amounts of $12,146.20 and $17,795.12, respectively. The sole issue is whether credits to certain dealer's reserve accounts maintained by lending institutions which financed petitioner's sales were includible in petitioner's income for the years in which such credits were made. Petitioner, a Pennsylvania corporation having its principal office in Philadelphia, filed its corporate income tax returns for the fiscal years ended May 31, 1956, and May 31, 1957, with the district director of internal revenue at Philadelphia. The facts have been stipulated. During the years in question petitioner was engaged in the business of selling and installing home improvements. Upon making a sale, petitioner's salesmen obtained the purchasers' signatures on purchase orders and negotiable installment judgment note forms. The notes were then sold and assigned to a bank or other lending *121 institution at a discount. When assigned, the notes bore the following endorsement by petitioner: Pay to the order of Without Recourse except that, in consideration of the Bank's purchase of this note, the undersigned warrants and certifies that the undersigned has, to the satisfaction of the maker and as agreed, furnished all labor, materials and articles and fully completed all work in connection with which this note was given, that any Completion Certificate of the maker delivered with this note, was signed after said completion, that the signatures thereon, on the maker's Credit Statement and on all other accompanying papers are genuine, that all bills for labor and materials have been paid or will be paid from the sale price received for this note, and that no mechanics' liens have been or will be filed for or on account of said labor and materials against the premises on which such work was performed. All sales made by petitioner, except those made for cash, were, in fact, financed in the above manner. Petitioner could not have made sales on credit without such financing. At the time of the assignment and in accordance with its arrangement with petitioner, the lending *122 institution retained two per cent of the purchase price of each note, which amount it credited to a dealer's reserve account. No part of the reserve account would be released to petitioner until all the notes assigned to the lending institution had been fully paid. The lending institution had the right to withdraw from the reserve account at any time such sums as might be required to reimburse it in connection with losses from uncollectible delinquent accounts, or, in the event petitioner went out of business, for the cost of repairs and maintenance performed at the direction of the lending institution in connection with notes theretofore assigned to it by petitioner. The reserve account arrangement and the endorsement printed on the reverse side of the judgment notes constituted the entire agreement between petitioner and the lending institution. Petitioner employed the accrual method of accounting in reporting its income, but did not accrue or report as income the amounts credited to the aforesaid reserve accounts. The net additions to the reserve accounts in the fiscal years ended May 31, 1956, and May 31, 1957, and the balance of the accounts at May 31, 1957, were as follows: *123 Net additions for fiscal year ended
May 31, 1956
$30,831.49
Net additions for fiscal year ended
May 31, 1957
41,009.82
Balance at May 31, 1957
$71,841.31
The distinctions urged by petitioner in order to differentiate the facts of the instant case from those in , are not controlling. As stated in General Gas, the fact that the notes in question were endorsed "without recourse" does not require a different result from that reached in . Nor does it make any difference, under applicable principles of accrual accounting, that none of the amounts credited to the reserve accounts in question was subject to release until all the notes assigned to the lending institution had been fully paid. As in Hansen, the controlling fact is that petitioner acquired a "fixed right to receive" the reserves, subject only to the rights reserved by the lending institution to reimburse itself for uncollectible delinquent accounts and, in the event petitioner went out of business, for repairs and maintenance required by petitioner's contracts of sale. Accordingly, Decision will be entered *124 for the respondent.